# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIPS 66 COMPANY, | Case No. 1:16-cv-01102-LJO-SKO |
| Plaintiff, | **ORDER DIRECTING PLAINTIFF TO SUPPLEMENT RECORD** |
| v. | |
| CALIFORNIA PRIDE, INC., et al., | |
| Defendants. | |

Before the Court is Plaintiff's Motion for Default Judgment (the "Motion"). (Doc. 15.) The Court finds that it requires additional information from Plaintiff in order to rule on the Motion.

First, Plaintiff provided insufficient evidence in support of its request for attorneys' fees in the Motion. (*See id.*, Ex. 1 at 5-6.) In particular, Plaintiff failed to provide evidence supporting the hourly rates requested for each attorney and professional, such as the pertinent experience for each attorney and professional. (*Cf.* Doc. 15, Ex. 4 at 3-4 (providing the requested hourly rates for five attorneys, a paralegal, and a legal assistant, but failing to provide evidence supporting these requested rates).) The Court finds that additional evidence supporting Plaintiff's request for attorneys' fees is necessary.

Second, Plaintiff provided insufficient information to support its request for costs—and, specifically, a "first appearance fee" of $400. (*See id.*, Ex. 1 at 5.) The Court finds that Plaintiff must submit additional information in support of this request, including the exact nature of this "first appearance fee" and whether such costs are recoverable. *Cf. Garden City Boxing Club, Inc. v. Castro*, No. C 06-05640 JW, 2008 WL 697687, at *1 (N.D. Cal. Mar. 13, 2008) ("The [c]ourt . . . disallows the appearance fees since they are not recoverable independently of the attorney fees."). *See generally United States v. Safeco Ins. Co. of Am.*, 116 F.3d 487, at *2 (9th Cir. 1997) ("As a general proposition, an award of costs is governed by federal law . . . under Rule 54(d)." (citations omitted)); *In re Merrill Lynch Relocation Mgmt., Inc.*, 812 F.2d 1116, 1120 n.2 (9th Cir. 1987) ("As a general proposition, the award of costs is governed by federal law under Rule 54(d)."); *United Cal. Bank v. THC Fin. Corp.*, 557 F.2d 1351, 1361 (9th Cir. 1977) (applying federal law as to costs and California state law on the issue of attorneys' fees); *Bmo Harris Bank N.A. v. Singh*, Case No. 1:16-cv-00482-DAD-SAB, 2016 WL 5798841, at *14 (E.D. Cal. Oct. 4, 2016) ("In a diversity action, federal not state law controls the issue of costs." (citing *Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1167 (9th Cir. 1995))).

For these reasons, the Court ORDERS that Plaintiff shall file the following by no later than **Tuesday, June 13, 2017**:

(1) evidence—such as declarations—supporting Plaintiff's requested hourly rates for *each* attorney, paralegal, and legal assistant for whom Plaintiff seeks fees in its Motion;

(2) a description of the "first appearance fee" that Plaintiff requests in its Motion; and

(3) a brief discussion of whether "first appearance fee[s]" are recoverable costs under federal law.

IT IS SO ORDERED.

Dated: **June 6, 2017**　　　　　　　　　　　/s/ *Sheila K. Oberto*
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE